J. David Stahl
MUNDT MacGREGOR L.L.P.
271 Wyatt Way NE, Suite 106
Bainbridge Island, Washington 98110
Tel: (206) 319-1102
Fax: (206) 624-5469
E-mail: jdstahl@mundtmac.com

Attorneys for all Plaintiffs –
Mothership Fleet Cooperative, James Mize,
Meddar Corporation and F/V Western Dawn L.L.C.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| MOTHERSHIP FLEET COOPERATIVE, a Washington nonprofit corporation, on its own behalf and on behalf of its members; JAMES MIZE, in his capacity as designated representative of Mothership Fleet Cooperative for purposes of 50 C.F.R. § 679.66(a)(1)(iii); MEDDAR CORPORATION, a Washington corporation; and F/V WESTERN DAWN L.L.C., a Washington limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> WILBUR ROSS, JR., Secretary of Commerce for the United States; NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION; and NATIONAL MARINE FISHERIES SERVICE, <br><br> Defendants. | CASE NO. _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT AND
INJUNCTIVE RELIEF AND PETITION FOR REVIEW**

*Mothership Fleet Cooperative, et al. v. Ross, et al.*
Case No. _____
Complaint

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and §§ 2201-2202 (Declaratory Judgment Act); 16 U.S.C. §§ 1855(f) and 1861(d) (Magnuson-Stevens Fishery Conservation and Management Act or "MSA"); and 5 U.S.C. §§ 702 and 706 (Administrative Procedure Act or "APA").

2. Defendants have waived sovereign immunity in this action pursuant to 5 U.S.C. § 702 and 16 U.S. C. §§ 1855(f) and 1861(d).

3. This Complaint and Petition for Review under the MSA and APA ("Complaint") is timely under 16 U.S.C. § 1855(f) because it has been filed within thirty (30) days of Defendants' publication of the "fee percentage" used to calculate the 2018 cost recovery fee challenged herein. The fee percentage was published in the Federal Register on November 30, 2018. 83 Fed. Reg. 61,605.

4. Plaintiffs have exhausted all of their administrative remedies.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because this action is brought against an officer of an agency of the United States in his official capacity and against agencies of the United States; Defendants reside in this district; and a substantial part of the events or omissions giving rise to the claims for relief stated herein occurred in this district.

///

///

*Mothership Fleet Cooperative, et al. v. Ross, et al.*
Case No. _____
Complaint
2
Case 3:18-cv-00303-JWS   Document 1   Filed 12/26/18   Page 2 of 13

## PARTIES

### Plaintiffs

6. Plaintiff Mothership Fleet Cooperative (the "Mothership Cooperative" or "Cooperative") is a Washington nonprofit corporation bringing this action on its own behalf and on behalf of its members. The Cooperative was formed in 1999 subsequent to the enactment of the American Fisheries Act, Pub. L. No. 105-277, 112 Stat. 2681 (note following 16 U.S.C. § 1851) (the "AFA"). The Cooperative's members are owners of catcher vessels named or described in Section 208(c) of the AFA as eligible to harvest pollock for processing by motherships in the offshore component of the AFA directed pollock fishery (the "mothership sector").

7. Plaintiff James Mize ("Mr. Mize") is the person designated as the representative of the Mothership Cooperative for purposes of the cost recovery fee program that is the subject of this petition. *See* 50 C.F.R. § 679.66(a)(1)(iii).

8. Plaintiff Meddar Corporation is a Washington corporation that owns the mothership sector catcher vessel ALEUTIAN CHALLENGER, Official No. 615085, named in AFA Section 208(c)(1). Meddar Corporation is a member of the Mothership Cooperative.

9. Plaintiff F/V Western Dawn L.L.C. is a Washington limited liability company that owns the mothership sector catcher vessel WESTERN DAWN, Official No. 524423, named in AFA Section 208(c)(19). F/V Western Dawn L.L.C. is a member of the Mothership Cooperative.

Defendants

10. Defendant Wilbur Ross, Jr. is the Secretary of the United States Department of Commerce ("Secretary") and is being sued in his official capacity.

11. Defendant National Oceanic and Atmospheric Administration ("NOAA") is an agency within the Department of Commerce.

12. Defendant National Marine Fisheries Service ("NMFS") is an agency within NOAA.

BACKGROUND

13. The MSA authorizes defendant Secretary to "collect a fee to recover the actual costs directly related to the management, data collection, and enforcement of any … limited access privilege program." 16 U.S.C. § 1854(d)(2)(A)(i). Defendants' longstanding interpretation of that statutory provision holds that recoverable costs are limited to only "the incremental costs, i.e., those costs that would not have been incurred but for the [limited access privilege] program," which are accounted for through a "with and without" comparison of the "cost of running the management program for the specified fishery under the status quo regime" with "the cost of running the management program under the [limited access privilege] program." The Design and Use of Limited Access Privilege Programs, p. 91 (citing NMFS, 2003, *Report to the Fleet,* Restricted Access Management Division, Alaska Region); NOAA Catch Share Policy, p. 16.

14. In a final rule published in the Federal Register on January 5, 2016 at 81 Fed. Reg. 150 (the "Final Rule"), Defendants took the position that the

*Mothership Fleet Cooperative, et al. v. Ross, et al.*
Case No. _____
Complaint
4
Case 3:18-cv-00303-JWS   Document 1   Filed 12/26/18   Page 4 of 13

catcher/processor ("C/P") and mothership sectors of the AFA directed pollock fishery were "limited access privilege program[s]" and that Defendants are therefore authorized to collect cost recovery fees from those AFA sectors.

15. Toward that end, and as pertains to the mothership sector, the Final Rule promulgated regulations purporting to apply the MSA cost recovery provision to the mothership sector through the Mothership Cooperative. The regulations establish a three-step process for determining the amount of the cost recovery fee that must be paid by December 31 of each calendar year.

16. First, for each fiscal year (e.g., FY 2018), Defendants are required to document their alleged "direct program costs" ("DPC") of managing the mothership sector of the AFA directed pollock fisheries. DPC are defined in the regulations as "the costs directly related to the management, data collection, and enforcement of" the mothership sector. 50 C.F.R. § 679.66(c)(2)(i)(C).

17. At the second step, DPC for a fiscal year are divided by the "standard ex-vessel value" of certain pollock harvested by mothership sector participants for the related calendar year (e.g., FY 2018 costs/calendar year 2018 value) and multiplied by 100, resulting in an "AFA fee percentage" for the mothership sector. 50 C.F.R. §679.66(c)(2)(ii). Expressed mathematically, the AFA fee percentage = (DPC/value) x 100.

18. Third, the AFA fee percentage is multiplied by the ex-vessel value of certain pollock harvested by mothership sector participants in the relevant calendar

year (e.g., 2018), generating a product that is the AFA fee liability, or "the amount of money for Bering Sea pollock cost recovery, in U.S. dollars, owed to NMFS." 50 C.F.R. §§ 679.2; 679.66(c)(2)-(5).

19. On February 1, 2016, the designated representatives of and two participants in the AFA C/P sector filed a Complaint for Declaratory Judgment and Injunctive Relief, and Petition for Review in this Court challenging Defendants' asserted authority to impose cost recovery on the C/P sector of the AFA directed pollock fishery and the cost recovery regulations promulgated through the Final Rule. *See CP Salmon Corporation et al. v. Ross et al.,* D. Alaska Case No. 3:16-cv-0031-TMB ("*CP Salmon I*") (Dkt. No. 1). A true and correct copy of that Complaint is attached hereto as Exhibit A and incorporated herein by reference. The plaintiffs in *CP Salmon I* argued that Defendants do not have authority to collect cost recovery fees from participants in the C/P sector because that sector is not a "limited access privilege program" as defined in the MSA.[1]

20. By Order on Cross-Motions for Summary Judgment dated March 30, 2018, the Court in *CP Salmon I* agreed with the plaintiffs and ruled that the Final Rule violates the MSA in its construction of the terms "Federal permit" and "person." *See CP Salmon I* (Dkt. No. 58). A true and correct copy of that Order is attached hereto as

---

[1] The MSA defines a "limited access privilege" to include an "individual fishing quota," and defines an individual fishing quota as "a *Federal permit* under a limited access system to harvest a quantity of fish, expressed by a unit or units representing a percentage of the total allowable catch of a fishery that may be received or held for exclusive use by a *person*." 16 U.S.C. § 1802(23) and (26) (emphasis supplied).

*Mothership Fleet Cooperative, et al. v. Ross, et al.*
Case No. _____
Complaint 6

Exhibit B and incorporated herein by reference.

21. In the Order, the Court rejected—as an unreasonable and impermissible interpretation of the MSA—NMFS' conclusion that the harvest specifications published annually in the Federal Register to quantify the C/P sector's directed fishing allowance under the AFA each year constitute a "Federal permit." *See id.* at 28-35.

22. In the Order, the Court also rejected NMFS' interpretation of the term "person" to include the list of vessels identified as eligible to participate in the C/P sector under the AFA, as precluded by the language and format of the definition of "person" in the MSA. *See id.* at 35–40.

23. Pursuant to the Order, the Court on July 2, 2018 entered a Judgment providing that:

> The Final Rule published by the National Marine Fisheries Service at 81 Federal Register 150 (Jan[.] 5, 2016) [a]nd associated regulations establishing a cost recovery program for the Bering Sea directed Pollock fishery are hereby vacated to the extent the Final Rule and associated regulations apply to participants in the catcher/processor sector, as defined therein and by reference to the American Fisheries Act, 16 U.S.C. § 1851 note. (alterations supplied)

*See CP Salmon I* (Dkt. No. 65). The Judgment further directed Defendants to refund the cost recovery fees previously collected from or on behalf of participants in the C/P sector. *Id.* A true and correct copy of the Judgment is attached hereto as Exhibit C and incorporated herein by reference.

24. The rationale for the Court's decision in *CP Salmon I* invalidating

*Mothership Fleet Cooperative, et al. v. Ross, et al.*
Case No. _____
Complaint

the Final Rule as applied to the C/P sector of the AFA directed pollock fishery applies with equal force to the mothership sector of the AFA fishery and to the Mothership Cooperative, whose members are participants in the mothership sector. In all respects material to the Court's decision, the mothership sector is identically situated to the C/P sector. Specifically, the harvest specifications published annually in the Federal Register to quantify the mothership sector's directed fishing allowance under the AFA each year do not constitute a "Federal permit," and the list of catcher vessels identified as eligible to participate in the mothership sector under the AFA is not a "person" within the meaning of those terms in the MSA. In short, the mothership sector, like the C/P sector, is not a "limited access fishing program" as defined in the MSA, and is therefore not subject to cost recovery under the MSA.

25. Despite the fact that the mothership sector of the AFA directed pollock fishery is identically situated to the C/P sector for purposes of the Court's decision in *CP Salmon I*, NMFS is continuing to assess the cost recovery fee on the mothership sector through the Mothership Cooperative.

26. On or about November 27, 2018, plaintiff James Mize received, in his capacity as the designated representative of the Mothership Cooperative, a 2018 AFA Program Fee Liability Summary ("Liability Summary") dated November 23, 2018 directed to the Mothership Cooperative. A true and correct copy of that Liability Summary is attached to this Complaint as Exhibit D.

27. On November 30, 2018, Defendants published a notice in the

*Mothership Fleet Cooperative, et al. v. Ross, et al.*
Case No. _____
Complaint    8
Case 3:18-cv-00303-JWS   Document 1   Filed 12/26/18   Page 8 of 13

Federal Register stating the "AFA fee percentage" for the mothership sector for 2018 is 0.34%. 83 Fed. Reg. 61,606. Defendants claim to have applied this fee percentage to the ex-vessel value of certain pollock harvested by mothership sector participants in calendar year 2018 to generate the Mothership Cooperative's cost recovery fee, or "AFA fee liability," of $125,300.40 due by December 31, 2018, less a $1,399.45 estimated fish meal credit, as set forth in the Liability Summary. *See* Exhibit D.

    28.    While the November 30, 2018 Federal Register notice provides the AFA fee percentage, the notice does not disclose the information that Defendants were required to document or the calculations that Defendants were required to perform to generate that percentage. There is no disclosure of the pollock ex-vessel value or the amount of Defendants' alleged incremental costs (DPC) of managing the mothership sector in FY 2018. There is no description of the management tasks that allegedly generated the asserted costs. And there is no explanation of how those costs are limited to only the "incremental" costs of managing the mothership sector as required under the MSA and cost recovery regulations. In other words, "value" and "DPC" are missing from the equation AFA fee percentage = (DPC/value) x 100.

    29.    Submission of the payment of the mothership sector's AFA fee liability for calendar year 2018 is the responsibility of "the person designated as the representative of the AFA [M]othership [C]ooperative . . . ." 50 C.F.R. § 679.66(a)(1)(iii) (alterations supplied). Plaintiff Mize is the designated representative of the Mothership Cooperative. Plaintiffs Meddar Corporation and F/V Western Dawn

L.L.C. have contributed, or will be contributing, money to plaintiff Mothership Cooperative for the payment of the 2018 fee.

30. Under the Final Rule, failure to remit by December 31 the AFA fee liability assessed against the Mothership Cooperative results in the withholding by NMFS of the mothership sector's AFA directed pollock fishing allocation for the following year. *See* 50 C.F.R. § 679.66(d)(2). Accordingly, Mr. Mize has made or will be making arrangements for the 2018 fee to be timely submitted, under protest and subject to this challenge.

## CLAIMS FOR RELIEF

### First Claim for Relief
(MSA, 16 U.S.C. § 1854(d)(2)(A)(i), and APA, 5 U.S.C. § 706(2)(A), (C))

31. Plaintiffs incorporate and re-allege all previous paragraphs in this Complaint.

32. Defendants do not have authority to collect cost recovery fees from the Mothership Cooperative and its member participants in the mothership sector, regardless of the amount of the fees, because the mothership sector, like the C/P sector, is not a limited access privilege program. The mothership sector is identically situated to the C/P sector for purposes of the rationale for the Court's decision in *CP Salmon I* vacating the Final Rule as applied to the C/P sector. Consequently, under the doctrine of collateral estoppel/issue preclusion, the cost recovery regulations and Final Rule likewise should be set aside in their entirety as applied to the mothership sector and the Mothership Cooperative.

33. In the alternative, even if Defendants are not collaterally estopped and precluded from relitigating as against Plaintiffs herein the issues adjudicated by this Court in *CP Salmon I*, the Court should likewise determine that the mothership sector is not a limited access fishing program and is not subject to cost recovery for the same reasons and arguments raised by the C/P sector in their Complaint in *CP Salmon I*. Those reasons include, without limitation, that the harvest specifications published annually in the Federal Register to quantify the mothership sector's directed fishing allowance under the AFA each year do not constitute a "Federal permit," and that the list of catcher vessels identified as eligible to participate in the mothership sector under the AFA is not a "person" within the meaning of those terms in the MSA.

## Second Claim for Relief
(MSA, 16 U.S.C. § 1854(d)(2)(A)(i), and APA, 5 U.S.C. § 706(2)(A), (C))

34. Plaintiffs incorporate and re-allege all previous paragraphs in this Complaint.

35. Even if Defendants were generally authorized to seek cost recovery from mothership sector participants through the Mothership Cooperative (which they are not), they have not provided any basis supporting the amount of the cost recovery fee assessed for 2018. That fee is apparently based on an amount of FY 2018 DPC that Defendants did not disclose in their November 30, 2018 Federal Register notice. There is no evidence the asserted DPC are limited to only those incremental costs that are "directly related to" the "management, data collection, and enforcement" of the mothership sector in FY 2018. *See* 16 U.S.C. § 1854(d)(2)(A); 50 C.F.R.

*Mothership Fleet Cooperative, et al. v. Ross, et al.*
Case No. _____
Complaint

§ 679.66(c)(2)(i)(C).

36. Accordingly, the calendar year 2018 AFA fee percentage and AFA fee liability for the mothership sector, which are based on the unsupported and undisclosed FY 2018 DPC, are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(A) and (C).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

1. For a judicial declaration that the mothership sector of the AFA directed pollock fishery is not a limited access privilege program and that Defendants' cost recovery regulations, as applied to mothership sector participants through the Mothership Cooperative, (i) violate the MSA and APA, (ii) are arbitrary, capricious, an abuse of discretion and not in accordance with law, and (iii) are in excess of statutory jurisdiction, authority or limitations and short of statutory right;

2. For a judicial declaration that the 2018 AFA fee percentage and the AFA fee liability for the mothership sector (i) violate the MSA, APA and Defendants' own cost recovery regulations, (ii) are arbitrary, capricious, an abuse of discretion, and not in accordance with law, and (iii) are in excess of statutory jurisdiction, authority or limitations and short of statutory right;

3. For an order requiring that Defendants' cost recovery regulations be set aside in their entirety to the extent they apply to the Mothership Cooperative and the

mothership sector participants, holding the 2018 AFA fee percentage and AFA fee liability for the mothership sector unlawful and setting them aside, and requiring Defendants to refund any and all cost recovery fees heretofore collected from the mothership sector participants through the Mothership Cooperative;

4.  For an award of costs of suit and other expenses, including reasonable fees and expenses of attorneys to the extent available; and

5.  For such other and further relief as the Court may deem necessary and appropriate.

DATED this 26th day of December, 2018.

MUNDT MacGREGOR L.L.P.

By s/J. David Stahl
J. David Stahl
WSBA No. 14113***
Attorneys for Plaintiffs

***Motion and Application for
Permission to Appear and Participate
*Pro Hac Vice* Pending